COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-438-CV

MARK A. SALMONS APPELLANT

V.

DEWAYNE SALMONS, INDIVIDUALLY APPELLEES

AND AS EXECUTOR OF THE ESTATE 

OF DEWEY CARL SALMONS; AND 

CARLA ELAINE SALMONS VINCENT

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mark A. Salmons is attempting to appeal the trial court’s October 24, 2007 order granting appellees’ motion for summary judgment.  Appellant’s notice of appeal was due November 25, 2007, but it was not filed in the trial court until November 28, 2007.  
See
 
Tex. R. App. P.
 26.1.

On December 19, 2007, the court notified appellant that it was concerned that it may not have jurisdiction over the appeal because the notice of appeal was not timely filed.  The court informed appellant that unless he or any party desiring to continue the appeal filed by December 31, 2007, a response either showing a reasonable explanation for the late filing of the notice of appeal or advising the court that the notice of appeal was properly mailed on or before the due date, the appeal would be dismissed for want of jurisdiction.  We have received no response.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P.
 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997) 
(holding that once extension period has passed, a party can no longer invoke an appellate court’s jurisdiction).  The rules of appellate procedure allow us to extend the time to file a notice of appeal if the party files its notice of appeal within fifteen days after the deadline and files a motion that reasonably explains the need for an extension.  
See
 
Tex. R. App. P.
 10.5(b)(2), 26.3
.  

A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3.  
See Verburgt
, 959 S.W.2d at 617; 
see also
 
Tex. R. App. P.
 26.1, 26.3.  Even when a motion for extension is implied, however, it is still necessary for the appellant to reasonably explain the need for an extension.  
See Verburgt
, 959 S.W.2d at 617
.
  Because appellant’s notice of appeal was untimely and he did not provide a reasonable explanation for needing an extension of time to file even after being given the opportunity to do so, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a)
, 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: February 7, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.